UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID GEORGE CHANDLER,

    Petitioner,                                           Civil No. 06-1777-PK

SHARON BLACKLETTER,                        ORDER

    Respondent.

HAGGERTY, Chief Judge:

    Magistrate Judge Papak issued a Findings and Recommendation [30] in this action that recommended that petitioner's Petition for Writ of Habeas Corpus [1] and Alternative Request for Evidentiary Hearing [21] be denied. Petitioner filed timely objections to the Findings and Recommendation, and counsel for respondent waived the opportunity to file a substantive brief in reply. The matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1 -- ORDER

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendation, petitioner's objections, and the entire Record. Magistrate Judge Papak provided a sound, thorough analysis of the facts and circumstances presented, and this analysis need be only summarized here.

Petitioner's pled not guilty in Clackamas County to one count of Rape in the Second Degree, two counts of Sodomy in the Second Degree, one count of Furnishing Alcohol to a Person under 21 Years of Age, and one count of Endangering the Welfare of a Minor. Subsequently, petitioner caused extensive pretrial delays of over 400 days by engaging in obstreperous conduct that poisoned his relationship with a series of attorneys who were retained or appointed to represent him in his defense to the prosecution. This conduct deserves careful scrutiny because the petitioner made explicit threats in correspondence to the prosecution in which he made "it perfectly clear that [petitioner] will drag this on in any way that he can." Respondent's Exhibit (RE) 104 at 5. The prosecutor explained that the petitioner "intentionally threatened that if he didn't get a plea offer that he liked that he would drag this case out indefinitely and knew how to do it." *Id*. at 4. By the time of trial, seven defense attorneys had been involved with attempting to defend petitioner. Petitioner had rejected or acted belligerently to most or all of these attorneys.

During the delays caused by petitioner's failure to cooperate with counsel, the presiding trial judge warned that if petitioner continued to reject counsel, he would be compelled to proceed to trial without counsel. *See* RE 106 at 7 (court advised petitioner that "this is the end of the line with regard to changing attorneys"); *id*. at 8 (court instructed petitioner that "if you're not able to get along with your next lawyer, you're going to be in here trying this case by yourself");

*id.* at 10 (court reiterated that petitioner had received his "last opportunity to change attorneys" and that if the petitioner was "not able to agree with his new attorney" he would be compelled to proceed to trial without an attorney).

Shortly after petitioner's seventh attorney was appointed, petitioner submitted a letter to the attorney that directed obscene and ethnic slurs at the counsel and requested, in part, that he find "another career." RE 106 at 119. This conduct compelled the court to allow the attorney to withdraw, and to attempt to appoint a legal advisor to assist with petitioner's self-representation. *Id*.

Petitioner responded (in an apparently unconvincing manner) that he was content to have the attorney remain as counsel. He also opined that he was "in no way competent" to represent himself. *Id*. at 121-23. The court noted that petitioner's pretrial delay had exceeded 400 days (and that guidelines from the Oregon Supreme Court set out that the felonies for which petitioner was charged should be prosecuted in ninety days), and that petitioner had threatened explicitly to engage in delay if he was not presented with a favorable plea offer. The court denied petitioner's request for a further continuance and an appointment of counsel. *Id*. at 126-32. Instead, the court advised petitioner that a search for a legal advisor would be undertaken. *Id*.

Shortly thereafter, the court offered to appoint a legal advisor if petitioner agreed to a new trial date. Petitioner refused. RE 106 at 134-36.

On December 17, 2002, the day of trial, an attorney appeared on petitioner's behalf and requested an appointment of counsel. The court reviewed petitioner's "calculated" threat to delay the trial and denied the request on grounds that Oregon law did not require a trial court to continue to provide appointed counsel repeatedly, and on grounds that the court believed that

3 -- ORDER

petitioner understood the consequences of failing to cooperate with his last appointed counsel. *Id*. at 147-48.

Petitioner was convicted on all counts. RE 106 at 310-11. Petitioner appeared for sentencing without counsel and was sentenced to three consecutive terms of seventy-five months, for a total of 225 months' incarceration. RE 101, 106 at 322.

Petitioner appealed, assigning error to the trial court's refusal to grant his request for a continuance, the court's refusal to appoint counsel for the trial, and the court's failure to appoint counsel for sentencing. RE 108 at 15, 21. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied a petition for review. *State v. Chandler*, 135 P.3d 859 (Or. App. 2006); *State v. Chandler*, 142 P.3d 73 (Or. 2006).

After petitioner advanced his Petition for Writ of Habeas Corpus, Magistrate Judge Papak issued a Findings and Recommendation concluding that because the "state trial court neither arrived at a conclusion of law opposite to the Supreme Court nor decided a case differently than the Supreme Court on a set of materially indistinguishable facts, the court did not act contrary to clearly established Federal law as determined by the Supreme Court of the United States." Findings and Recommendation at 17 (internal quotation and citations omitted). The Findings and Recommendation concluded that the petition must be denied. *Id*.

Moreover, the Findings and Recommendation found that "the trial court did not unreasonably apply the Supreme Court precedent establishing awareness of the risks of self-representation as a precondition for a valid waiver of the right to counsel," primarily "[b]ecause the Supreme Court has never clearly established precedent concerning what warnings are required before a waiver by conduct of the right to counsel, [and therefore] the state court

4 -- ORDER

could not have unreasonably [applied] that precedent here." Findings and Recommendation at 18; 18 n.5.

Alternatively, the Findings and Recommendation reviewed the law regarding "forfeiture" of a defendant's right to counsel. Findings and Recommendation at 20-21. The Findings and Recommendation concluded that "[e]ven if the state court applied a forfeiture standard, the state court did not act contrary to clearly established Supreme Court precedent governing the forfeiture of the right to counsel because no such precedent exists." Findings and Recommendation at 22 (citation omitted).

The Findings and Recommendation also concluded that "the trial court's decision [to deny petitioner's motion for a continuance] was consistent with the Supreme Court's clearly established precedent . . . governing a trial court's discretion to deny continuances." Findings and Recommendation at 26.

Finally, the Findings and Recommendation concluded that petitioner failed to demonstrate that he is entitled to an evidentiary hearing. Findings and Recommendation at 29-30.

**OBJECTIONS**

Petitioner's objections to the Findings and Recommendation itself assert primarily that "the state-court decision in this case was both 'contrary to' and 'an unreasonable application of' United States Supreme Court precedent.'" Objections at 2. Secondarily, petitioner renews arguments that he presented in briefing before the Magistrate Judge. Objections at 4-8. Petitioner's objections are rejected.

> **1.     The Findings and Recommendation did not err in concluding that the state court decision was not "contrary to" or an "unreasonable application of" Supreme Court precedent.**

The standards for determining whether the petition presented is meritorious were presented correctly by the Findings and Recommendation. Magistrate Judge Papak acknowledged that:

> A habeas petitioner is not entitled to relief in federal court unless he demonstrates that the state court's adjudication of his claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Findings and Recommendation at 7-8.

A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Federal courts apply a "highly deferential standard for evaluating state-court rulings." *Sarausad v. Porter*, 479 F.3d 671, 676 (9th Cir. 2007) (internal citations omitted).

The Findings and Recommendation recognized that section 2254(d)(1) "establishes a two-part test to determine whether a habeas petitioner is entitled to relief." Findings and Recommendation at 8 (citing *Sarausad*, 479 F.3d at 676).

First, the petitioner bears the burden of establishing that there is clearly established Supreme Court precedent. *Id.* (citation omitted).

6 -- ORDER

Second, the petitioner must show that the state court decision was either "contrary to" or an "unreasonable application" of that precedent. *Id*. (citation omitted).

As noted, the Findings and Recommendation concluded that – at least at the time of the state court's decisions – there was no clearly established Supreme Court precedent regarding the scope of warnings that a court must provide before permitting a waiver of the constitutional right to counsel. Findings and Recommendation at 12-13 (noting that although the Supreme Court has issued an opinion that "clarified the types of warnings required before" a waiver can be construed as valid, this ruling was issued two years *after* the state court decision at issue here (citing *Iowa v. Tovar*, 541 U.S. 77, 81 (2004)).

The most applicable decision that could be construed as clearly established Supreme Court precedent is the Court's decision in *Faretta v. California*, 422 U.S. 806 (1975). The Court in *Faretta* held that a waiver of counsel is valid whenever the record establishes that the defendant "knows what he is doing and his choice is made with his eyes open." *Id*. at 835 (citation and internal quotation omitted). There is no dispute that the preferred procedure for ensuring that the *Faretta* standard is satisfied is by engaging in a colloquy with a defendant in open court to confirm that the defendant understands the nature of the charges being prosecuted, the possible penalties, and the dangers and disadvantages of self-representation. *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987).

There is also no dispute that such a colloquy never occurred between the trial judge and petitioner in this case. However, as the Findings and Recommendation acknowledged, in some "rare instances" (at least prior to the *Tovar* opinion), a knowing and intelligent waiver is possible regardless of whether a colloquy has occurred. Findings and Recommendation at 14 (citing

7 -- ORDER

*Savage v. Estelle*, 924 F.2d 1459, 1466 (9th Cir. 1990) (quotation omitted). As the Ninth Circuit recognized in *Balough*, there are limited exceptions precluding automatic reversal on grounds that the trial court failed to discuss *Faretta* elements, such as "when the record as a whole reveals a knowing and intelligent waiver." 820 F.2d at 1488. In such cases, the constitutionality of the imputed waiver is evaluated in terms of what the defendant understood rather than what the court may have stated. *Id*. at 1487-88.

The Findings and Recommendation concluded correctly that this case fell within this exception. The record establishes that petitioner represented to the prosecutor that he did not trust attorneys and that he was capable of speaking for himself. RE 104 at 5. Petitioner later acknowledged that he understood that if he caused the termination of the relationship between him and his last appointed attorney, he would proceed to trial without counsel. RE 106 at 8. Later, petitioner apparently re-evaluated his own abilities and asserted that he was "in no way competent" to represent himself at trial. RE 106 at 123.

This acknowledgment of the risks inherent in proceeding to trial without representation was made after petitioner disclosed his willingness to delay his prosecution indefinitely and after he conveyed to the trial judge that he understood that he would have to represent himself if he disrupted the relationship with his final court-appointed counsel. In sum, this record establishes that petitioner: (1) willfully destroyed the relationship existing between him and the seventh attorney involved in his defense; (2) understood that by so doing he would be asked to proceed to trial without counsel; (3) recognized the challenges and risks inherent in self-representation, and (4) refused to cooperate in any way to assist the court in obtaining a legal advisor for him. Under these facts, the state court correctly deemed petitioner to have waived his right to counsel

in a knowing and intelligent manner. This conclusion was neither "contrary to," nor an "unreasonable application" of, any applicable Supreme Court precedent.

Moreover, petitioner has not met the burden of establishing that there is any clearly established Supreme Court precedent that was violated by the state court's rulings. Accordingly, this court need not entertain petitioner's challenges to whether the Findings and Recommendation erred in its comprehensive analysis that, alternatively, petitioner may be construed to have forfeited his right to counsel.

### 2. The Findings and Recommendation did not err in its conclusions regarding petitioner's other arguments.

Next, petitioner renews his challenges that he asserted before the Magistrate Judge regarding whether he knowingly and intelligently waived his right to counsel. For many of the same reasons provided above, this court concludes that petitioner committed a knowing and intelligent waiver.

As petitioner asserts, the government bears the burden to show that a waiver of this right was valid. *United States v. Ant*, 882 F.2d 1389, 1394 (9th Cir. 1989). The government has done so. Despite petitioner's arguments to the contrary, it was petitioner and not the trial judge who exercised control over whether petitioner continued to have counsel represent him. *See* Objections at 6. As reviewed above, petitioner understood the consequences awaiting him if he destroyed the relationship between him and his final counsel. He also expressed a confidence in speaking for himself, and then – after agreeing that if he failed to cooperate with his final attorney he would represent himself – he tacitly acknowledged the challenges of self-representation by expressing doubt concerning his chances for success in the situation he created. This situation was one that he threatened to cause unless the prosecution offered him a

9 -- ORDER

favorable deal. Under these unusual circumstances, petitioner's game-playing was construed correctly as a knowing and intentional waiver of his right to counsel. *See United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir. 1987) (the defendant's continued refusal either to retain counsel or to accept appointed counsel constituted a waiver of the right to counsel, especially in light of the fact that the defendant controlled whether he had counsel, and then chose not to retain counsel to frustrate the judicial process). Although petitioner reasserts that Supreme Court precedent (*Tovar*) now requires a trial court to discuss the risks of self-representation explicitly with a defendant, the state court's decision in this case was not contrary to Supreme Court precedent at the time the decision was made.

### 3. The Findings and Recommendation is adopted.

This court has reviewed the remainder of the Findings and Recommendation and petitioner's objections. The Findings and Recommendation is sound and entitled to adoption. Specifically, the state court's decision to deny petitioner's request for a further continuance was fair and reasonable. *See Kelm*, 827 F.2d at 1322 (when a defendant persistently refuses to accept an appointed attorney, retain an attorney, or to expressly waive the right to an attorney, a trial court's decision not to grant further continuances is fair and reasonable).

Similarly, the Findings and Recommendation correctly evaluated petitioner's alternative request for an evidentiary hearing. The Supreme Court has set forth the six elements that a petitioner must meet to establish entitlement to an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293, 313 (1963) (an evidentiary hearing is warranted if (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court

was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing). None of these elements is met.

**CONCLUSION**

Petitioner's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [31] are overruled. The Findings and Recommendation [30] is sound and persuasive, and is adopted in its entirety. Petitioner's Petition for Writ of Habeas Corpus [1] and Alternative Request for Evidentiary Hearing [21] are denied.

IT IS SO ORDERED.

DATED this  10  day of November, 2008.


           /s/ Ancer L. Haggerty          
            Ancer L. Haggerty
            United States District Judge

11 -- ORDER